### THE PEOPLE v. McCULLY.

When a party is convicted at the Special Sessions, and he obtains a certiorari to review the decision, he may be let to bail until the final determination.

Such bail requires him to appear at the next term of the General Sessions who thus obtain jurisdiction of his person and the subject-matter, and may take the proceedings necessary to carry out the final judgment.

His appearance must be in person, and cannot be by attorney.

THE defendant was convicted, at a court of Special Sessions, of assault and battery, and sentenced to imprisonment, and sued out a writ of certiorari, allowed by the circuit judge, and let to bail on a recognizance to appear and abide the judgment on the certiorari.

At the next term of the General Sessions the prisoner was called, and not appearing, except by his counsel, his recognizance was forfeited, and a bench warrant was ordered to be issued for his apprehension. The next day he appeared voluntarily in court, and moved that the forfeiture of his recognizance be waived. That was refused, and an order was entered committing him to custody to abide the event—judgment on the certiorari not having yet been rendered by the Supreme Court. To be discharged from that imprisonment, he now sued out a writ of habeas corpus.

*A. D. Russel*, for defendant.

*McKeon, District-Attorney, contra.*

*The Circuit Judge:* I see no error in the proceedings of the Court of General Sessions in this matter. On the other hand, they seem to me to be in strict conformity with the provisions of the statute.

The People v. McCully.

Prior to the Revised Statutes, if a party, convicted in Special Sessions, was in execution of the conviction, there was no mode of relieving him in the mean time. He must continue in execution, even of a conviction which should afterward be set aside.

To remedy this evil is the object of article 4, title 3, of chapter 2, of Part 4, and the provisions, if carried out as the Sessions have done in this case, are entirely harmonious.

The party convicted at Special Sessions is in confinement. He obtains a process by which the Supreme Court may be required to review his conviction. He may then obtain his liberty if he will give security to abide the decision of the Supreme Court. That decision may involve his imprisonment and he must therefore personally appear, somewhere, to that end. The power of the Special Sessions over him has ceased, and he need not appear there. To appear personally in the Supreme Court might be exceedingly onerous and oppressive. Thus, one convicted in St. Lawrence county might be required to attend at Rochester, to hear his case argued, and at New York, to hear its decision. The statute has therefore expressly waived his appearance in that court (sec. 51), but, for his ease, has provided for his appearance in the Criminal Court in his own county. (Secs. 52, 53, 55.)

If at the time of his conviction he intends to apply for a certiorari, the Special Sessions take a recognizance for his appearance, not before them, but in the next General Sessions. (Sec. 52.)

So, if after his conviction he apply for a certiorari, a recognizance is still taken for his appearance at the next General Sessions. (Sec. 53.)

He is, in either event, to appear at the next General Sessions. But the Supreme Court may not have decided his case, and so the General Sessions are authorized to continue his recognizance. (Sec. 55.)

But something more is required of him than merely to *appear* at the General Sessions. He is also to *abide the order or judgment of that court in the premises.* (Sec. 52.)

Thus, by the statute and his recognizance, the General Sessions obtain jurisdiction of his person, and they are authorized to exercise it, so as to secure his appearance to abide the final decision.

That they do in the following manner: If they are satisfied with the security he has already given, they may continue it until next term, and so on, from term to term, until the Supreme Court makes its decision. In the mean time the defendant is at large, but under obligation to appear at the beginning of every term of the General Sessions.

If they are not satisfied they may take new bail, and so, as before mentioned, let him go at large until the final descision; or, if he cannot give new security, they may keep him in close custody; the close custody and the recognizance having alike the same object in view, namely, his personal appearance in court to abide the final decision.

Up to this period the General Sessions has jurisdiction of the person, only. As soon as the decision of the Supreme Court is made, the case is remitted to the General Sessions, which then obtains jurisdiction of the subject-matter, also, and becomes clothed with all the authority which the Special Sessions originally had, that is, either to discharge or enforce sentence (Secs. 56, 57), and if no sentence has been pronounced, then to pronounce it. (Sec. 58.)

In order to discharge this duty, the General Sessions must have control over the person of the defendant, and to effect that, it must have power to continue the recognizance already taken, or to take new, or to hold him in custody. An appearance by attorney would never answer the purpose, for the object is for him to appear and abide the judgment of the court. It would be possible for him to appear by attorney, but he could hardly, by attorney, abide the judgment, especially if the judgment was imprisonment.

This view of the statute makes every part of it operative, and harmoniously so. The construction contended for by the defendant's counsel would render part of it entirely useless, and must produce confusion. Besides, this view fully effectu-

ates the purposes of the statute, which were to allow the party to review his conviction — to be at large while the question was under consideration — to be at hand, ready to receive judgment when it shall be finally pronounced, and to have it pronounced and executed.

The proceedings under which this prisoner is held, being in conformity with this view of the statute, he must be remanded.

## NEW YORK CIRCUIT.
### SEPTEMBER, 1846.
### Before EDMONDS, Circuit Judge.